[Sac. No. 2110.  In Bank.—October 8, 1914.]

## C. H. SCHMIDT and LIZZIE SCHMIDT, Respondents, v. UNION OIL COMPANY (a Corporation), Appellant.

APPEAL—SETTING CASE FOR ARGUMENT ON CALENDAR OF WRONG DIS-
TRICT—SETTING ASIDE SUBMISSION.—Where through a mistake of
the clerk of the supreme court an appeal is placed for argument upon
the calendar of a district other than the one to which it should have
been assigned, and is argued there by the respondent and submitted,
without any appearance by the appellant, who had no notice of the
setting of the case, the hearing and submission are irregular, and
will be set aside at the instance of the appellant desiring to make
an oral argument.

ID.—COUNSEL MAY ASSUME APPEAL WILL BE PUT ON PROPER CALENDAR.
While counsel may not be entitled to any specific notice that a case
is set on one of the calendars of the supreme court for hearing, they
are entitled to assume that it will not be put upon the calendar of a
district to which it does not belong.

APPLICATION to set aside the submission of an appeal
from a judgment of the Superior Court of Fresno County.
M. L. Short, Judge presiding.

The facts are stated in the opinion of the court.

W. A. Sutherland, and Thos. O. Toland, for Appellant.

Harris & Hayhurst, Joel H. Smith, and George Cosgrave,
for Respondents.

THE COURT.—This is an appeal from a judgment of the
superior court of Fresno County.  The trial was had before
Hon. M. L. Short, judge of the superior court of the county
of Kings, sitting in Fresno County.  In the division of coun-
ties of the state into districts for the hearing of appeals in
this court, Fresno County is placed in the district of San Fran-
cisco and Kings County in the district of Sacramento.  When
the transcript on appeal was filed the clerk of this court as-
sumed from the name of the judge that the appeal was from
the county of Kings and inadvertently numbered the case as
among those to be placed upon the calendar for the Sacra-
mento district.  The appeal was subsequently assigned to
Department One and was placed upon the calendar of that

department for argument at Sacramento on May 6, 1914. When the case was called for hearing there was no appearance for the appellant, counsel for respondents alone appearing and arguing, and the cause was submitted.

The appellant now calls our attention to the fact that the appeal was set for hearing in the wrong district and that the appellant did not, nor did its attorneys, have any notice of the setting of the case. It is also stated that said attorneys desired and now desire to make an oral argument in support of the appeal.

Under these circumstances it is plain that the hearing and submission of the cause were irregular. The appeal should have been treated as one belonging to the San Francisco district, in which event it would have taken its proper place upon the San Francisco calendar. While counsel may not be entitled to any specific notice that a case is set on one of our calendars for hearing, they are entitled to assume that it will not be put upon the calendar of a district to which the case does not belong.

It is therefore ordered that the submission be vacated, and that the cause take its place among those to be set on the San Francisco calendar. The clerk is further directed to notify the attorneys for the respective parties of this order.